

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

MAURICIO MARTINEZ MEDINA,

    Petitioner,

    v.

BRIAN BIRKHOLZ, Warden,

    Respondent.

Case No. 2:22-cv-08804-VBF-PD

**ORDER DISMISSING PETITION WITHOUT PREJUDICE**

On December 5, 2022, Mauricio Martinez Medina ("Petitioner"), a federal prisoner proceeding pro se, filed an "Emergency Motion Seeking Immediate Release from the Bureau of Prisons and Termination of Sentence Under 28 U. S. C. § 2241" ("Petition"). [Dkt. No. 1.][1]  For the reasons set forth below, the Petition is dismissed.

---

[1] The Petition is 63 pages long and contains several exhibits, including Petitioner's release plans and medical records, custody classification form, sentence monitoring computation data, documents from the Lompoc Class Action Lawsuit, *Torres, et al. v. Milusnic, et al.*, 2:20-cv-04450-CBM-PVCx, documents from the ACLU, a news article regarding the ex-officer sentenced in the George Floyd case, and a copy of a March 26, 2020 Memorandum from former Attorney General Barr regarding prioritization of inmates to home confinement in response to the COVID-19 pandemic.

## I.    Background and Petitioner's Contentions

Petitioner is presently housed at the Federal Correctional Institution at Lompoc ("FCI Lompoc"), which is within the Central District of California. [Dkt. No. 1.]  He is serving a 240-month sentence for maritime drug offenses that was imposed in 2017 in the United States District Court for the Southern District of Florida in the matter of *United States v. Mauricio Martinez Medina*, 4:17-cr-10003-KMM.[2]  [Dkt. No. 1 at 3.][3]

Petitioner alleges that he is a 43-year-old ex-smoker who has hypertension.   [Dkt. No. 1 at 3.]  He alleges that his underlying health conditions place him at high risk and make him vulnerable to COVID-19. [*Id*.]  Petitioner requests that the Court grant him immediate release from the custody of the Bureau of Prisons ("BOP") based on the allegedly substandard medical care and inadequate treatment at FCI-Lompoc; poorly trained medical providers; conditions of confinement that violate the Fifth and Eighth Amendments and the prohibition against cruel and unusual punishment and violate the Due Process Clause and international law; and, because the Lompoc Class Action Lawsuit, *Torres, et al. v. Milusnic, et al.*, 2:20-cv-04450-CBM-PVCx, has not provided Petitioner with any relief from the unconstitutional conditions of confinement.[4]  [Dkt. No. 1 at 2.]

_____

[2]  Pursuant to Rule 201 of the Federal Rules of Evidence, the Court takes judicial notice of the federal dockets and filings available through the PACER system.  *See also Harris v. County of Orange*, 682 F. 3d 1126, 1131-32 (9th Cir. 2012) (noting that a court may take judicial notice of court records).

[3] The Court uses the page numbers inserted on the pleadings by the electronic docketing system.

[4] On May 16, 2020, a class of inmates medically vulnerable to severe illness or death from COVID-19 at FCC Lompoc brought an action against the Director of the Bureau of Prisons ("BOP") and the Warden of Lompoc. (*Torres et al. v. Milusnic et al.*, Case No. 20-4450-CBM-PVCx. [Dkt. No. 1.] The Complaint asserted two causes of action related to unconstitutional conditions of confinement. [*Id*.]  On October 11,

1  According to public records, Petitioner's projected release date is August

2  28, 2032.   *See* Fed. R. Evid. 201; Federal Bureau of Prisons Inmate Locator,

3  https://www.bop.gov/inmateloc (accessed December 5, 2022).

4
5  ## II.   Discussion

6  ### A.   Duty to Screen the Petition

7  Summary dismissal of a federal habeas petition is required "[i]f it

8  plainly appears from the petition and any attached exhibits that the

9  petitioner is not entitled to relief in the district court."  Rule 4 of the Rules

10  Governing Section 2254 Cases in the United States District Courts ("Habeas

11  Rules"); see also Habeas Rule 1(b) (permitting district courts to apply

12  Habeas Rules to Section 2241 habeas proceedings); *Lane v. Feather*, 584 F.

13  App'x 843, 843 (9th Cir. 2014) (affirming district court's application of Habeas

14  Rule 4 to dismiss Section 2241 petition).  Moreover, the Court must assess its

15  jurisdiction over a section 2241 petition "before proceeding to any other issue."

16  *Hernandez v. Campbell*, 204 F.3d 861, 865 (9th Cir. 2000).

17  ### B.   The Court Lacks Jurisdiction Over a Request for
18          Compassionate Release

19  Petitioner seeks immediate release from custody based on his medical

20  conditions and exposure to various health and safety risks including those

21  related to the COVID-19 pandemic. [Dkt. No. 1 at 2-4, 6.]  Although the

22  Petition is labeled as a petition for writ of habeas corpus under 28 U.S.C.

23  § 2241, to the extent that it is actually a disguised motion for compassionate

24  release, it is not properly before this Court.

25
26  _____

27  2022, the Honorable Consuelo B. Marshall approved the class action settlement.
   [Dkt. No. 863.]  The settlement requires FCC Lompoc to continue the home

28  confinement review process established by the preliminary injunction and follow
   guidelines to protect inmates from COVID-19.  [Dkt. No. 863 at 8.]

Under 18 U.S.C. § 3582(c)(1)(A), all motions for sentencing reductions, including motions for compassionate release, must be filed in the sentencing court. *See United States v. Ono*, 72 F.3d 101, 102 (9th Cir. 1995) (a motion under Section 3582(c) "is undoubtedly a step in the criminal case" that "requires the [sentencing] court to reexamine the original sentence" (citation omitted)); *see also United States v. Raia*, 954 F.3d 594, 595 (3d Cir. 2020) ("Section 3582's text requires those motions to be addressed to the sentencing court, a point several Circuits have noted . . . ."); *Bolden v. Ponce*, No. CV 20-3870-JFW (MAA), 2020 WL 2097751, at *2 (C.D. Cal. May 1, 2020) (district court lacks authority to grant release under § 3582(c)(1)(A) based on conditions caused by COVID-19 pandemic because petition was not filed in sentencing court); *Mitchell v. Engleman*, No. CV 21-06488-JWH (JEM), 2021 WL 4641945, at *1 (C.D. Cal. Sept. 9, 2021) (same); *Thody v. Swain*, No. CV 19-09641-PA (DFM), 2019 WL 7842560, at *2 (C.D. Cal. Nov. 26, 2019) ("[B]y its plain language, 18 U.S.C. § 3582(c)(1)(A) requires Petitioner to move for reduction in the sentencing court."); *Mohrbacher v. Ponce*, No. CV 18-00513-DMG (GJS), 2019 WL 161727, at *1 & n.1 (C.D. Cal. Jan. 10, 2019) (same).

As set forth above, Petitioner was sentenced in the Southern District of Florida in *United States v. Mauricio Martinez Medina*, 4:17-cr-10003-KMM. If Petitioner seeks compassionate release under Section 3582(c), he must submit a motion to the sentencing court.[5]

## C.    Petitioner's Claims Are Not Cognizable on Habeas Review

A habeas corpus petition under 28 U.S.C. § 2241 is a vehicle for a federal prisoner to challenge to the execution of his sentence. *Hernandez,* 204 F.3d at 864.  Challenges to a prisoner's conditions of confinement, however, must be brought in a civil rights complaint rather than a habeas corpus

---

[5] The Court takes judicial notice of the docket in the United States District Court for the Southern District of Florida.  To date, Petitioner has not filed a motion for compassionate release in the sentencing court.

4

petition. *See Badea v. Cox*, 931 F.2d 573, 574 (9th Cir. 1991); *see also Hill v. McDonough*, 547 U.S. 573, 579 (2006) ("[a]n inmate's challenge to the circumstances of his confinement" must be brought through a civil rights action); *Muhammad v. Close*, 540 U.S. 749, 750 (2004) ("Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus . . . ; requests for relief turning on circumstances of confinement may be presented in a § 1983 action.") (citation omitted). A civil rights action is the "proper remedy" for a prisoner "who is making a constitutional challenge to the conditions of his prison life, but not to the fact or length of his custody." *Preiser v. Rodriguez*, 411 U.S. 475, 499 (1973). "[C]onstitutional claims that merely challenge the conditions of a prisoner's confinement, whether the inmate seeks monetary or injunctive relief, fall outside of that core [of habeas relief]" and, instead, should be brought as a civil rights claim "in the first instance." *Nelson v. Campbell*, 541 U.S. 637, 643 (2004).

Since COVID-19 first appeared, prisoners have attempted to obtain habeas relief based on the pandemic. When the Ninth Circuit was presented with the issue of whether habeas relief is available for claims that COVID-19 conditions at federal prisons give rise to unconstitutional conditions of confinement, it declined to resolve the issue. *See Roman v. Wolf*, 977 F.3d 935, 941-42 (9th Cir. 2020) (per curiam) ("[T]he Government argues that a district court on habeas review may not order reductions in the number of detainees held at a facility, or any other injunctive relief, to remedy unconstitutional conditions of confinement. We need not reach that issue ...").

In the absence of Circuit precedent, most district courts within the Ninth Circuit have concluded that such a claim is not cognizable in habeas review even when the remedy sought is immediate release. *See Camillo-Amisano v. Ponce*, 2021 WL 3377237, at *4 (C.D. Cal. June 22, 2021) (collecting cases); *see also Wilson v. Ponce*, 465 F. Supp. 3d 1037, 1049 (C.D.

5

Cal. 2020) (the district court concluded that release based on COVID-19 was not cognizable in habeas based on an extensive analysis of Supreme Court cases and statutory analysis.); *Bruno v. Warden*, No. CV 20-6390 JFW (PVC), 2021 WL 2323941, at *6 (C.D. Cal. May 14, 2021), *report and recommendation adopted*, No. CV 20-6390 JFW (PVC), 2021 WL 2313657 (C.D. Cal. June 7, 2021) (acknowledging that "the majority of district courts within the Ninth Circuit have . . . found that claims brought by federal prisoners or detainees seeking release from custody due to the COVID-19 pandemic are not cognizable on habeas review."). Other district courts have found that COVID conditions of confinement claims can be cognizable on habeas review. *See, e.g., Torres v. Milusnic*, 472 F. Supp. 3d 713, 724-26 (C.D. Cal. 2020) (finding that petitioner's COVID-related claim challenged "fact of confinement" for habeas purposes).

The Court finds the cases concluding that habeas review is not available to conditions of confinement claims based upon the COVID-19 pandemic to be more persuasive.  Here, Petitioner's claims are based on the alleged failure to provide him with adequate medical treatment and take certain health and safety precautions related to preventing the risk of contracting COVID-19 at FCI Lompoc.  [Dkt. No. 1 at 2-4.]  These are classic conditions of confinement claims that do not implicate the fact or duration of Petitioner's confinement despite his requested remedy of release from custody. As such, his allegations sound in civil rights, not in habeas, and the Court declines to exercise its discretion to construe the Petition as a civil rights complaint. *Bolden*, 2020 WL 2097751, at *2 & n.1; *accord Smith v. Von Blanckensee*, No. CV 20-4642-JVS (JEM), 2020 WL 4370954, at *3 (C.D. Cal. Jul. 2, 2020).  If Petitioner seeks to challenge his conditions of confinement or seeks damages for civil rights violations, his claims are properly brought pursuant to *Bivens v. Six Unknown Named of Federal Bureau of Narcotics*, 403 U.S. 388 (1971).

**III.    III.    ORDER**

IT IS THEREFORE ORDERED that this action is dismissed without prejudice.

DATED:  March 23, 2023                    /s/ Valerie Baker Fairbank

_____

HON. VALERIE BAKER FAIRBANK
UNITED STATES DISTRICT JUDGE

7